**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Joshua Clay,** | ) | **CASE NO. 1:09 CV 204** |
| | ) | |
| **Petitioner,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Margaret Bradshaw, Warden** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Respondent.** | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Gallas (Doc. 7) which recommends denial and dismissal of the Petition for Writ of Habeas Corpus pending before the Court. For the following reasons, the Report and Recommendation is ACCEPTED.

**Introduction**

Petitioner, Joshua Clay, commenced this action with the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Magistrate Judge issued his Report and Recommendation recommending that the Petition be denied. Petitioner filed Objections to the Report and Recommendation.

1

**Standard of Review**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "The judge must determine *de novo* any proposed finding or recommendation to which objection is made.  The judge may accept, reject, or modify any proposed finding or recommendation."

**Discussion**

Petitioner pled guilty to one count of gross sexual imposition, nine counts of unlawful conduct with a minor, and one count of pandering sexually-oriented material involving a minor in the Cuyahoga County Court of Common Pleas. He was sentenced to a ten-year prison term and found to be a sexual predator under the Ohio statute.  His conviction was affirmed by the Ohio Eighth District Court of Appeals and the Ohio Supreme Court denied leave to appeal. Petitioner now asserts five grounds for relief seeking a writ of habeas corpus.  For the reasons stated below, none of the grounds warrant issuance of the writ.

In his first ground, petitioner asserts that the trial judge improperly relied upon his own personal opinion in sentencing him. The Magistrate Judge determined that this ground for relief was procedurally defaulted because petitioner failed to make a contemporaneous objection during his sentencing and the *Maupin* factors had been established without a showing of cause and prejudice to excuse the default or actual innocence.  Petitioner restates the argument he made in his Traverse which has been rejected by the Magistrate Judge, namely that because the Ohio Rules of Evidence do not apply at sentencing, there was no need to make an objection.  Although petitioner is correct that these rules do not strictly apply at criminal sentencing proceedings, Ohio courts hold that a failure to object to an issue at sentencing forfeits all but plain error for

2

purposes of appeal. *See State v. Spahr,* 2009 WL 2857361 (Ohio App. 2d Dist. Sept. 4, 2009).

In his second ground, petitioner alleges that his due process rights were violated when the trial court accepted his plea because it was not knowing, voluntary, and intelligent. The Magistrate Judge determined that the state court decision was not contrary to clearly established federal law given that the transcript of the plea hearing supports a finding that the plea was knowing, voluntary, and intelligent. Petitioner asserts that the plea proceedings show that he did not understand the nature of the amended offense. Petitioner merely restates the arguments he made in his Traverse before the Magistrate Judge. The Court finds no error in the Magistrate Judge's conclusion.

In his third ground for relief, petitioner asserts that his consecutive sentence was based on judicial fact-finding where none of the facts were alleged in an indictment or pleading and were not found by the jury or admitted by the petitioner. The Magistrate Judge concluded, based on federal precedent, that even if petitioner presented evidence that the trial judge engaged in judicial fact-finding, Sixth Amendment protections were not violated. Petitioner does not make an argument undermining this law.

In his fourth ground for relief, petitioner asserts that he was convicted of offenses that occurred during the marital relationship. The Magistrate Judge concluded that the state appellate court's factual determination that the offenses occurred prior to the marriage were not rebutted and even if they were, the record supported the trial court's findings. Petitioner argues that the appellate court could not make a determination as to the date of the marriage and all it had before it were the case file and the plea and sentencing transcripts. The transcripts show, however, that petitioner's counsel stated, on record, the date of the marriage. Petitioner cannot demonstrate

3

that the appellate court's determination that the offensive conduct occurred prior to the marriage violated clearly established law or was based on an unreasonable determination of the facts.

In his fifth ground for relief, petitioner asserts that the trial court's determination that he was a sexual predator without the presentation of evidence violated his due process rights. The Magistrate Judge found this claim to be not cognizable in federal habeas corpus as precedent within this Circuit concludes that, even if the petitioner is currently incarcerated, a challenge of this nature fails to satisfy the "in custody" requirement necessary to obtain habeas relief. This Court agrees. *See, for e.g., Ratliff v. Jefferys*, 2007 WL 4248173 (N.D.Ohio Nov. 30, 2007).

For these reasons, and those stated in the Report and Recommendation which is fully incorporated herein by reference, the claims for relief fail.

**Conclusion**

Accordingly, the Report and Recommendation is accepted. The Petition for Writ of Habeas Corpus is dismissed. Furthermore, for the reasons stated herein and in the Report and Recommendation, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed.R.App.P. 22(b).

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 11/10/09